JOHN T. SIKES, Respondent, v. MISSOURI GRANITE COMPANY, Appellant.

St. Louis Court of Appeals, February 4, 1902.

1. **Negligence:** FACTS SUFFICIENT FOR CASE TO GO TO JURY. In the case at bar, respondent was working for the appellant as a quarry hand and was hurt by the falling of a stone which was being hoisted from the floor to the edge of the quarry. Some cordwood was on the floor, which the foreman directed the respondent, and a fellow-workman by the name of Acuff, to move out of the way so that the grappling-hooks of the derrick could be fastened to the stone to hoist it. The two workmen removed enough of the wood to enable them to fasten the hooks, or "dogs" as they were called, to the stone and gave the foreman a signal to hoist. He signaled the engineer and the latter immediately started the steam hoister or derrick. The rock was lifted a short distance when one of the hooks slipped off, the stone fell, struck a pole which was leaning against the wall of the pit and knocked said pole against respondent as he fell running to escape the rock. The effect of the blow

from the pole was to break both arms of respondent. There was evidence that the foreman had not followed the custom of stopping the hoister after the slack was out of the chain, and this afforded an opportunity to respondent to get out of harm's way. *Held,* these facts made a case to be submitted to the jury.

2. ———: ———: FELLOW-SERVANT: PRACTICE, TRIAL. In the case at bar, the entire case as to the defendant's negligence, plaintiff's contributory negligence, and whether or not his hurt was due to the negligence of a fellow-servant instead of that of the foreman, was for the jury.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing,* Judge.

REVERSED AND REMANDED.

*Rassieur & Rassieur* for appellant.

(1)   Plaintiff's instruction No. 2 is erroneous:   (a) Because it is a mere abstract declaration of law, and not applicable to the facts of this case.   Bradley v. Railroad, 138 Mo. 293.   (b) Because there was no breach of the duty imposed on the defendant by this instruction.   The charge of negligence, upon which the petition is bottomed, is the negligence of the foreman in not properly handling the machinery—not the negligence of the defendant company in failing to provide a safe place to work.   Colliett v. Mfg. Co., 71 Mo. App. 163; Chitty v. Railroad, 148 Mo. 64.   (c) Because it is not true that the duty to furnish a safe place can not be shifted, where the plaintiff is himself employed for the purpose of making the place safe.   Bowen v. Railroad, 95 Mo. 268; Gleeson v. Mfg. Co., 94 Mo. 201; Jones v. Packet Co., 43 Mo. App. 398.   Nor is it the duty of the master under all circumstances, to furnish a reasonably safe place; the ordinary hazard of the employment must be taken into consideration. Bradley v. Railroad, supra.   The duty to furnish a reasonably safe place to the employees is not absolute; the master must

only exercise ordinary care to furnish a reasonably safe place. (2)  Plaintiff's instruction No. 5 is palpably erroneous:  (a) Because there was no evidence whatever as to the age of the plaintiff.  The fact that he was in court does not change the rule.  Phelps v. City of Salisbury, 161 Mo. 1; Hinds v. City of Marshall, 22 Mo. App. 208; Gessley v. Railroad, 26 Mo. App. 156.  (b) Because there was no evidence whatever as to any "expense of doctoring and nursing," or of any obligation incurred by plaintiff in that regard.  Robertson v. Railroad, 152 Mo. 382; Morris v. Railroad, 144 Mo. 500; Smith v. Railroad, 108 Mo. 243; Duke v. Railroad, 99 Mo. 347; Evans v. Joplin, 76 Mo. App. 20.  "Where the negligence of the plaintiff directly contributed with that of the defendant to produce the injury, there can be no recovery."  Hogan v. Railroad, 150 Mo. 36.  (3)  It has been uniformly ruled that if the master promulgates rules for the safety of the servant, the master is not liable for injuries resulting to the servant, if an observance of the rules on his part would have prevented injury.  Francis v. Railroad, 110 Mo. 387.  Certainly the rule is the same, if the servant fails to comply with the express directions of the master.

*Geo. M. Wilson* and *M. R. Smith* with *Anthony & Eversole* for respondent.

(1)  The negligence charged in the petition was, that respondent received the injuries complained of on account of the rash negligence of Quinley, appellant's foreman, in directing the handling of the engine that operated the appliances used for moving the stone, the negligence of the foreman of course being the negligence of the company.  And the testimony introduced in the cause tended to prove this allegation, and the trial court was right in overruling appellant's demurrer to the evidence.  Buesching v. St. Louis Gaslight Co., 73 Mo. 219.  "Whether the facts are disputed or undisputed if differ-

ent minds might honestly draw different conclusions from them, the case should properly be left to the jury." Baird v. Railroad, 146 Mo. 281; Anderson v. Railroad, 2 Mo. App. 688; Gannon v. Gaslight Co., 145 Mo. 502; Pine v. Railroad, 100 Mo. 102; O'Mallia v. Railroad, 115 Mo. 221 (l. c.); Bunyan v. Railroad, 127 Mo. 12. Instruction No. 2 for respondent, considered in connection with instruction No. 4 for appellant, removes the objection made by appellant to instruction No. 2. The abstractness of the one cures the concreteness of the other. Read together, as they must be, they state the law well enough. Reilly v. Railroad, 94 Mo. 601; Whalen v. Railroad, 60 Mo. 323; Meade v. Railroad, 68 Mo. App. 102.

GOODE, J.—Respondent concedes the judgment in this case must be reversed on account of an erroneous charge to the jury concerning the measure of damages, but claims he made a prima facie case; whereas, the appellant contends a peremptory instruction should have been given in its favor. The basis of this position is that the testimony of the respondent and his witnesses shows the injury for which he sued was wholly or partly caused by his own carelessness and disobedience of orders.

Respondent was working for the appellant as a quarry hand and got hurt from the falling of a stone which was being hoisted from the floor to the edge of the quarry. Some cordwood was on the floor, which the foreman directed the respondent and a fellow-workman by the name of Acuff, to move out of the way so that the grappling-hooks of the derrick could be fastened to the stone to hoist it. The two workmen removed enough of the wood to enable them to fasten the hooks or "dogs," as they were called, to the stone and gave the foreman a signal to hoist. He signaled the engineer and the latter immediately started the steam hoister or derrick. As soon as the slack of the chain was taken up, it was seen that the hold of the hooks was insecure, and on a signal from Acuff

or Sikes, the machine was stopped and they were fastened to the rock again and a signal to hoist again given to Quinley, who signaled to the engineer. The rock was lifted a short distance when one of the hooks slipped off, the stone fell, struck a pole about ten feet long and four inches thick, which was leaning against the wall of the pit, and knocked said pole against Sikes as he fell in running to escape the rock. The effect of the blow from the pole was to break both his arms.

There was much evidence that it was customary in hoisting stone in this and similar quarries, to stop the hoister after the slack was out of the chain and then proceed to lift the stone on a signal from the men below, who were thus afforded an opportunity to get out of harm's way. There was evidence also tending to prove that foreman Quinley failed to follow that course or to give the respondent time to reach a place of safety. Undoubtedly this made a case to be submitted to the jury, as appellant concedes, unless the respondent was guilty of contributory negligence in leaving the pole, which struck him, where it was. Appellant's contention is, that Sikes and Acuff were ordered to remove this pole as well as the other wood, in fact all the wood in the quarry, or at least all in the corner where the stone lay which was to be hoisted; that they disobeyed this order by not moving the pole and, therefore, Sikes' injury was due to his own carelessness or that of his fellow-servant Acuff. Far from the undisputed testimony showing that Quinley's order was to move all the wood, the preponderance of it seems to be that his direction was to move such of the wood as obstructed fastening the hooks to the stone. This was done. It was unnecessary, so far as we can see, to displace this pole in order to fasten the hooks securely, nor did the failure to move the pole have anything to do with the stone falling. Appellant's argument that the court should have nonsuited plaintiff for contributory negligence in this regard hardly deserves serious attention. The entire case as to the defendant's negligence, plaintiff's

contributory negligence and whether or not his hurt was due to the negligence of a fellow-servant instead of that of the foreman, was for the jury.

The judgment is, therefore, reversed on account of the error confessed and the cause remanded for a new trial. *Bland, P. J.,* and *Barclay, J.,* concur.